**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Hosac, | No. CV09-0598-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| City of Mesa, body politic; Assistant Chief of Police, John Meza, Former Director of Media Relations, Holly (Hosac) Walter, | |
| Defendants. | |

Defendants filed a motion to dismiss for lack of subject matter jurisdiction. Dkt. #6. Defendants claim that even though the amount in controversy exceeds $75,000.00, the Plaintiff and Defendants all reside in Arizona and this Court therefore does not have diversity jurisdiction. Plaintiff does not dispute the lack of diversity jurisdiction, but instead asserts federal question jurisdiction under 42 U.S.C. §1983. Dkt. #7.

In reply, Defendants argue that the complaint fails to assert a specific violation of the Constitution or federal law. Dkt # 10. Even in light of the liberal reading that must be accorded this *pro se* Plaintiff, the Court agrees that the complaint does not contain sufficient allegations of the Court's jurisdiction or Plaintiff's claim for relief. Plaintiff's jurisdiction statement includes only factors related to diversity jurisdiction and does not assert federal question jurisdiction. The body of the complaint invokes Arizona law, not federal or Constitutional law.

Plaintiff is advised that "to state a claim for relief in an action brought under § 1983, [plaintiffs] must [allege] that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). "It is well settled that section 1983 'imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law.'" *Johnson v. Barker*, 799 F.2d 1396, 1399 (9th Cir. 1986) (quoting *Baker*, 443 U.S. at 146).

Plaintiff may have attempted to assert a §1983 claim, alleging that Defendants acted "under the color of law"(par. 5) and to "frustrate the plaintiff due process" (par. 7), but the complaint fails to link the alleged facts to any specified Constitutional or federal rights claims. For the purpose of stating a claim, legal conclusions couched as factual allegations are not given a presumption of truthfulness and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). The Court will dismiss the complaint without prejudice and allow Plaintiff to file an amended complaint that complies with the Federal Rules of Civil Procedure.

Plaintiff is advised that he must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office. In preparing an amended complaint, Plaintiff should consult Federal Rule of Civil Procedure 84 and the "Appendix of Forms" referenced therein because such forms "are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate."

If Plaintiff fails to prosecute this action or comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure

41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order).

**IT IS ORDERED:**

1. Defendants' motion to dismiss the complaint for lack of subject matter jurisdiction (Dkt. #6) is **granted**.
2. Plaintiff may file an amended complaint by **September 25, 2009**. If Plaintiff does not file an amended complaint by this date, the clerk is directed to terminate this action.

DATED this 3rd day of September, 2009.

_____
David G. Campbell
United States District Judge