**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Hosac | No. CV09-0598-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| City of Mesa, body politic; Assistant Chief of Police, John Meza, Former Director of Media Relations, Holly (Hosac) Walter, | |
| Defendants. | |

On September 3, 2009, this Court granted Defendants' motion to dismiss Plaintiff's original complaint for lack of subject matter jurisdiction and granted Plaintiff leave to file an amended complaint. Dkt. #11. Plaintiff filed an amended complaint on September 11, 2009. Dkt. #12. Defendants have moved to dismiss the complaint for lack of subject matter jurisdiction. Dkt. #13. Plaintiff has filed a response (Dkt. #15) and Defendants have filed a reply (Dkt. #16). No party has requested oral argument.

Plaintiff asserts that this Court has federal question jurisdiction over his claims because they arise under 42 U.S.C. § 1983, and that this Court has supplemental jurisdiction over his state law claims under 28 U.S.C. § 1367. Defendants assert that the amended complaint fails to assert a specific violation of the Constitution or federal law and that, as a result, there is no federal question jurisdiction or supplemental jurisdiction. Dkt #13.

Plaintiff's *pro se* amended complaint must be read liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). So read, the amended complaint alleges that Defendants Meza and Walter,

as employees of the City of Mesa, conspired to file two false police reports against Plaintiff. The amended complaint is brought under 42 U.S.C. § 1983. Dkt. #12 at 1. Although the alleged federal violation is not described in detail, the amended complaint does assert that Defendants' actions in filing the false police reports denied him due process (*id*. at 7) in violation of the Fourteenth Amendment (*id*. at 1).

Defendants do not argue that the facts asserted in the complaint fail to state a viable Fourteenth Amendment claim. They instead argue that the amended complaint fails to identify the precise constitutional right Defendants are charged with violating and the facts underlying the violation. The Court disagrees. With respect to Defendants Meza and Walter, the amended complaint alleges that they intentionally filed false police reports in violation of Plaintiff's Fourteenth Amendment right to due process. Construed liberally, the amended complaint, read with its attachments, suggests that Defendant Walter, who is Plaintiff's ex-wife, asserted the false reports in response to disagreements with Plaintiff and to obtain advantages in a custody battle concerning their daughters, and that Defendant Meza, who was engaged in a personal relationship with Walter, cooperated in the false reports in light of the relationship. Dkt. #12.

The amended complaint does not, however, contain sufficient allegations against Defendant City of Mesa. "[A] municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 694-95 (1978) (emphasis in original)). "[I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997) (emphasis in original).

The amended complaint alleges that it was the unwritten policy of the City of Mesa to use and manipulate the law for the interests of its employees (Dkt. #12 at 5), but alleges no facts to suggest that such a policy existed or, if it did, that it had anything to do with the alleged false police reports. The amended complaint alleges no facts to suggest that the alleged false reports were created pursuant to a City policy. To the contrary, the amended complaint suggests that the reports were created by Defendant Walter because of marital and custody issues between her and Plaintiff, and by Defendant Meza because of his relationship with Defendant Walter. The Court concludes that the amended complaint does not allege sufficient facts to connect the City of Mesa with the alleged violation of Plaintiff's Fourteenth Amendment due process rights.[1]

**IT IS ORDERED:** Defendants' motion to dismiss the amended complaint for lack of subject matter jurisdiction (Dkt. #13) is **denied** with respect to Defendants Walter and Meza and **granted** with respect to Defendant City of Mesa.

DATED this 4th day of January, 2010.

_____
David G. Campbell
United States District Judge

---

[1] The amended complaint does contain various allegations about investigative interviews conducted of Plaintiff and his daughters, and that Plaintiff's complaint to the Chief of Police was resolved without an interview of Plaintiff. Dkt. #12 at 3-5. But the complaint does not assert that these actions were taken pursuant to a policy of the City of Mesa, nor does it connect these actions to the false police reports that appear to be the gravamen of the amended complaint.