1

2

3

4

5

6                     IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Robert Hosac,                    )   No. CV 09-0598-PHX-ECV
                                     )
10          Plaintiff,               )   **ORDER**
                                     )
11  vs.                              )
                                     )
12                                   )
    City of Mesa, et al.,            )
13                                   )
            Defendants.              )
14                                   )
                                     )
15  ─────────────────────────────

16          Pending before the court is Defendants' Motion to Dismiss and Motion for Summary

17  Judgment (Doc. 46).  Defendants John Meza and Holly Walter[1] contend they are entitled to

18  judgment as a matter of law because no evidence supports Plaintiff's claims.  Alternatively,

19  they argue the action should be dismissed under the "domestic relations abstention doctrine."

20  The court finds that based on the information presented, Defendants request for summary

21  judgment should be granted.  The court, therefore, need not address Defendants' alternative

22  argument.

23                            **BACKGROUND**

24          Plaintiff filed his Original Complaint (Doc. 1) on March 25, 2009.  After it was

25  dismissed with leave to amend, Plaintiff filed an Amended Complaint (Doc. 12) on

26  September 11, 2009.  The amended complaint alleges that Defendants, as employees of the

27  ─────────────────────

28          [1] Defendant City of Mesa was dismissed in a prior order (Doc. 17).

1   City of Mesa, conspired to file two false police reports against Plaintiff in violation of 42

2   U.S.C. § 1983. Plaintiff contends that Defendants' actions violated his right to due process

3   under the Fourteenth Amendment. Plaintiff alleges that Defendant Walter, who is Plaintiff's

4   ex-wife, and Defendant Meza, who had a personal relationship with Defendant Walter,

5   conspired to create the false police reports to give Walter an advantage in state custody

6   proceedings involving Plaintiff's and Walter's daughters, and to humiliate and defame

7   Plaintiff.

8       Defendants filed their Motion to Dismiss and Motion for Summary Judgment (Doc.

9   46) on November 24, 2010, along with a Separate Statement of Facts (Doc. 47). Shortly after

10  Defendants filed the motion, the court issued an order to Plaintiff that explained the

11  requirements for properly responding to a motion for summary judgment and the

12  consequences of failing to comply with these requirements. (Doc. 48). The court directed

13  Plaintiff to Rule 56 of the Federal Rules of Civil Procedure to explain what he must do to

14  properly oppose a summary judgment motion. In addition, the court directed Plaintiff to

15  specific rules in the Local Rules of Civil Procedure that contain additional requirements,

16  including, for example, filing a separate statement of facts, and identifying facts presented

17  by the moving party that are disputed, among other things.

18      On December 21, 2010, Plaintiff filed a Response to Defendants' Motion for

19  Summary Judgment and Request the Court Deny Defendants' Motion (Doc. 49). Defendants

20  filed a Reply (Doc. 50) on December 29, 2010.

21                              **DISCUSSION**

22  **1.      Summary Judgment Legal Standard**

23      A court must grant summary judgment if the pleadings and supporting documents,

24  viewed in the light most favorable to the non-moving party, "show that there is no genuine

25  issue as to any material fact and that the moving party is entitled to judgment as a matter of

26  law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986);

27  Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994). The materiality

28  requirement means "[o]nly disputes over facts that might affect the outcome of the suit under

1  the governing law will properly preclude the entry of summary judgment." Anderson v.

2  Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Substantive law determines which facts are

3  material. Anderson, 477 U.S. at 248. The dispute must also be genuine, meaning "the

4  evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

5  The court determines whether there is a genuine issue for trial but does not weigh the

6  evidence or determine the truth of matters asserted. Jesinger, 24 F.3d at 1131.

7      The party seeking summary judgment bears the initial burden of informing the court

8  of the basis for its motion and identifying those portions of the pleadings, depositions,

9  answers to interrogatories, and admissions on file, together with the affidavits, if any, which

10  it believes demonstrate the absence of any genuine issue of material fact. Celotex, 477 U.S.

11  at 323 (citations omitted). Furthermore, the party opposing summary judgment "may not rest

12  upon the mere allegations or denials of [the party's] pleading, but . . . must set forth specific

13  facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also

14  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986);

15  Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995). There is no issue

16  for trial unless there is sufficient evidence favoring the non-moving party. Anderson, 477

17  U.S. at 249. "If the evidence is merely colorable or is not significantly probative, summary

18  judgment may be granted." Id. at 249-50.

19      The moving party need not disprove matters on which the opponent has the burden

20  of proof at trial. Celotex Corp, 477 U.S. at 323, 106 S. Ct. at 2553. Summary judgment is,

21  therefore, proper if the nonmoving party fails to make a showing sufficient to establish the

22  existence of an essential element of his case on which he will bear the burden of proof at

23  trial. Id.

24      **2.     Substantive Law and Application**

25      Plaintiff alleges in this action that Defendants violated his civil rights and the Due

26  Process Clause when they conspired to file two false police reports against him. The

27  elements to establish a civil rights claim under 42 U.S.C. § 1983 are: "(1) a violation of rights

28  protected by the Constitution or created by federal statute, (2) proximately caused (3) by

1   conduct of a 'person' (4) acting under color of state law." Crumpton v. Gates, 947 F.2d

2   1418, 1420 (9th Cir. 1991). A plaintiff must show that a defendant's affirmative act,

3   participation in another's affirmative acts, or omission of an act which he is legally required

4   to do caused the deprivation of which the plaintiff complains. Leer v. Murphy, 844 F.2d 628,

5   633 (9th Cir. 1988).

6       The Due Process Clause of the Fourteenth Amendment prohibits the states from

7   "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const.

8   amend. XIV, § 1. The procedural guarantees of the Due Process Clause apply only when a

9   constitutionally protected liberty or property interest is at stake. Board of Regents v. Roth,

10  408 U.S. 564, 569 (1972). Thus, to establish a due process violation, a plaintiff must show

11  that a defendant's actions deprived him of a protected liberty or property interest. See id.

12      Liability for a conspiracy in a § 1983 case is established by demonstrating "the

13  existence of an agreement or meeting of the minds" to violate constitutional rights. Crowe

14  v. County of San Diego, 608 F.3d 406, 440 (9th Cir. 2010) (quoting Mendocino Envtl. Ctr.

15  v. Mendocino County, 192 F.3d 1283, 1301 (9th Cir. 1999)). The agreement need not be

16  overt and may be inferred from circumstantial evidence. Id. Each participant in the

17  conspiracy "must at least share the common objective of the conspiracy." Crowe, 608 F.3d

18  at 440 (quoting United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th

19  Cir. 1989) (en banc)).

20      **a.      The First Allegedly False Police Report**

21      The first police report at issue here is based on information provided by Defendant

22  Walter to a detective in the Mesa Police Department's Center Against Family Violence on

23  June 26, 2007. Doc. 47 at 1, ¶ 3. The detective subsequently arrested Plaintiff for domestic

24  violence assault and threats charges, booked him into custody and filed a criminal complaint.

25  Doc. 47 at 2, ¶¶ 12, 13. Plaintiff, who was represented by counsel, later pled guilty to

26  threatening and intimidating, a class one misdemeanor under Arizona law. Doc. 47 at 3, ¶

27  21. Pursuant to the plea agreement, Plaintiff entered the Domestic Violence Diversion

28  Program. Doc. 47 at 3, ¶ 22. Based on Plaintiff's successful completion of the diversion

1  program, the case was ultimately dismissed.  Doc. 47 at 4, ¶ 29.  By pleading guilty to the
2  criminal charge, Plaintiff stipulated to the information in the police report for the purpose of
3  establishing a factual basis for the offense.  Doc. 47 at 3, ¶ 24.

4          Additionally, Defendant Meza has submitted an affidavit stating he had no
5  involvement or participation in any police reports against Plaintiff.  Doc. 47, Exh. 4.  He
6  states that he has had no involvement in any police or criminal investigations of Plaintiff, nor
7  has he had any discussions with any police officers regarding criminal investigations of
8  Plaintiff.  Id.  He further states that he has never witnessed any criminal acts by Plaintiff
9  against Defendant Walter and thus has provided no statements or information to investigators
10  about such acts.  Id.

11          Plaintiff's response to the motion for summary judgment fails to comply with Rule
12  56(e) of the Federal Rules of Civil Procedure.  An opposing party's "response must – by
13  affidavits or as otherwise provided in this rule – set out specific facts showing a genuine
14  issue for trial."  Fed.R.Civ.P. 56(e)(2).  Plaintiff's response consists simply of four pages of
15  facts set forth in narrative form.  It is unsupported by affidavit or by specific reference to
16  discovery and disclosure materials.

17          Moreover, the response contains no separate statement of facts, in  violation of Rule
18  56.1(a) of the Local Rules of Civil Procedure.  The material facts on which Plaintiff relies
19  in support of his response are not set forth in separately numbered paragraphs that reference
20  a specific admissible portion of the record.  See LRCiv 56.1(a).  Nor does the response
21  contain a separate statement of disputed facts as required by LRCiv 56.1(b).

22          Regarding the guilty plea, Plaintiff claims that he was told he would likely be found
23  guilty and it would be better to enter the diversion program to get the matter dismissed.  He
24  contends that if he knew then what he then what he knows now, he would not have made the
25  agreement.  Plaintiff further claims that he will demonstrate at trial that the false police
26  reports were intentional.

27          Plaintiff presents no evidence whatsoever of a conspiracy between the defendants to
28  submit a false police report in June 2007, other than his own self-serving, unsworn assertion

that Walters told him how the false report was created and that it was Meza's idea. He may not wait until trial to present valid evidence establishing the truth of his claim. Defendants' evidence regarding the basis for the report and the absence of a conspiracy, along with the absence of any valid evidence from Plaintiff, demonstrates that there is no genuine issue of material fact regarding the June 2007 police report and that Defendants are entitled to summary judgment.

### b.    The Second Allegedly False Police Report

Plaintiff alleges that the second false police report was created in April 2008. Defendants present evidence showing that Defendant Walter contacted Mesa Police on March 30, 2008, to report that Plaintiff had assaulted her in her home the day before. Doc. 47 at 4, ¶ 31. A detective conducted an investigation and prepared a police report dated April 10, 2008, which was forwarded to the Maricopa County Attorney. Doc. 47 at 5, ¶¶ 45, 46. Prosecutors then presented the case to a Maricopa County grand jury, which indicted Plaintiff for criminal trespass and aggravated assault on December 17, 2009. Doc. 47 at 5.

Attached to his response, Plaintiff has provided a Minute Entry dated November 18, 2010, showing that following a bench trial, a Maricopa County Superior Court Judge found Plaintiff not guilty of two counts, though the counts are not identified. Doc. 49, Exh. 1. Presumably, those are the same counts for which Plaintiff was indicted by the grand jury, though that fact has not been established. A not guilty finding, however, does not establish the elements of a civil rights claim for conspiring to submit false police reports.

Plaintiff further asserts in his response that on March 20, 2008, he had a conversation with Defendant Walter regarding a $300 dog bill. He claims that Walter threatened him with "another false police report" if he did not pay it. He says nothing about Defendant Meza having any involvement in the second police report.

Plaintiff again provides nothing more than self-serving, unsworn assertions and speculation to support his claim regarding the second police report. As with the first report, Defendants' evidence regarding the basis for the report and the investigation's findings, along with the absence of any valid evidence from Plaintiff, demonstrates that there is no

1  genuine issue of material fact regarding an alleged conspiracy to file a false report.

2  Defendants are therefore entitled to summary judgment.

3  **IT IS THEREFORE ORDERED:**

4  That Defendant's Motion for Summary Judgment (Doc. 46) is **granted**; and

5  That the Clerk of Court shall enter judgment accordingly.

6  DATED this 21st day of March, 2011.

7

8

9

10  Edward C. Voss
    United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28